**FILED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JUN 7 - 2006

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES OF AMERICA,  )
    Plaintiff,  )
              v.  )   Cause No. IP 06-155 M-01
JEFFREY D. COSBY,  )
    Defendant.  )

*CERTIFIED: A TRUE COPY — CLERK OR DEPUTY — LAURA A. BRIGGS, CLERK*

## GOVERNMENT'S MOTION FOR DETENTION

The government hereby moves the Court for an order detaining the defendant, Jeffrey D. Cosby, pursuant to 18 U.S.C. §3142(f)(1)(A) and (f)(2)(A). The defendant has been charged by complaint with a violation of 18 U.S.C. §2251(a).

The defendant faces a rebuttable presumption against release because of the nature of this offense, pursuant to 18 U.S.C. 3142(e). Because there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant or the safety of the community, the United States asks this court to order the defendant detained.

### Facts

The defendant, age 50, of Indianapolis, Indiana, was arrested on June 6, 2006 by the U.S. Postal Inspection Service. The complaint, which was returned in the Middle District of Alabama on May 30, 2006, charges that he attempted to produce child pornography in violation of 18 U.S.C. §2251(a).

Discussion

Under 18 U.S.C. §3142 (e), a defendant may be ordered detained pending trial if the Court finds one of the following three conditions to be true: (1) no condition or combination of conditions will reasonably assure the safety of any other person or the community. . . ; (2) no condition or combination of conditions will reasonably assure the appearance of the defendant; or (3) there is a serious risk the defendant will flee.[1] Further, 18 U.S.C. 3142(e) provides that "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense . . . involving a minor victim under section 2251 [or] 2423."

The rebuttable presumption in 3142(e) shifts to the defendant the burden of producing evidence that the defendant is <u>not</u> a flight risk and <u>not</u> a danger to the community. *See* U.S. v Portes, 786 F.2d 758 (7th Cir. 1985). Even if the defendant presents contrary evidence, the Court should weigh the presumption in favor of pretrial detention as one of the factors to be considered along with those set forth in 3142(g). Id. ("[rebuttable presumption] remains in the case as an evidentiary finding militating against release, to be weighted along with other evidence relevant to factors listed in §3142(g)").

---

[1] The government must prove "risk of flight" by a preponderance of the evidence, and danger to the community by clear and convincing evidence. *See* United States v. Portes, 786 F.2d 758 (7th Cir.1986).

I.       The Defendant Poses a Risk of Flight

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court must take into account:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . .
(2) the weight of the evidence against the accused;
(3) the history and characteristics of the person, including;
    (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial . . . .    See 18 U.S.C. 3142(g).

Consideration of the factors enumerated in 3142(g) supports an order of detention in this case because no conditions of release will ensure the safety of the community and because the defendant poses a substantial risk of flight.

The government's case against the defendant is strong. Communicated through the Internet with multiple sting operations designed to locate persons with a sexual interest in children and a related desire to produce child pornography. The relevant communications provide strong evidence of guilt. If convicted, the defendant faces a 25 year mandatory minimum sentence on this charge because he has a prior federal conviction for transporting child pornography. The mandatory minimum sentence, along with the numerous potential sentencing enhancements the defendant would face after conviction, provide defendant with strong motivation to flee again. See United States v. Diaz, 777 F.2d 1236 (7th Cir. 1985) (Court should

give weight to fact that persons facing heavy sentences for particular types of offenses are likely to flee).

II.     The Defendant Is a Danger to the Community

Although it is sufficient for purposes of detention that the government prove by a preponderance of the evidence the defendant's risk of flight, in this case the government submits that, in addition, no conditions or combination of conditions of release can reasonably protect any other person and the community from this defendant. *See* 18 U.S.C. 3142(e). This determination of "dangerousness" does not require a finding that the accused will engage in violence, the defendant's prior conviction for a related child pornography offenses indicates he poses a threat it released pending trial. *See* United States v. Schweihs, 1988 WL 130036 (N.D. Ill 11/8/88) (For purposes of detention, all forms of hearsay, including indictment, may be considered).

The defendant is presently charged with a crime of violence, within the meaning of the Bail Reform Act. *See* 18 U.S.C. §3156 (a)(4). And, as the Supreme Court has explained, "the distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children." New York v. Ferber, 458 U.S. 747, 759 (1982); *see also* United States v. Norris, 159 F.3d 926, 929 (5th Cir. 1998) ("The simple fact that the [pornographic] images have been disseminated perpetuates the abuse initiated by the producer of the materials") (emphasis added).

Conclusion

The defendant cannot rebut the statutory presumption against release in this case. Even if the court finds that the defendant has adequately met its burden of production, no condition or combination of conditions of release set forth under 18 U.S.C. §3142 (b) or (c) will reasonably

4

assure his appearance, nor will they adequately protect the safety of any person or the community if the defendant is released. The government therefore requests that the defendant be detained.

Respectfully submitted

SUSAN W. BROOKS
UNITED STATES ATTORNEY

By: _____
Steven D. DeBrota
Assistant United States Attorney

CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing Government's Motion for Detention upon the defendant, by hand-delivering a copy to counsel of record on this 7th day of June, 2006.

Steven D. DeBrota
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: 317-226-6333