IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 3:06cr151-MEF |
| ) | |
| JEFFREY DOUGLAS COSBY ) | |

**MOTION TO SUPPRESS SEARCH**

COMES NOW the Defendant, Jeffrey Douglas Cosby, by and through undersigned counsel, Kevin L. Butler, and moves to suppress all items illegally seized as a result of the unconstitutional search of Mr. Cosby's work area located at 13417 Britton Park Road, Fishers, IN 46038 on June 7, 2006. The items to be suppressed include any physical evidence seized and any evidence that are the illegal "fruits" of the search.

**Relevant Facts**

On or about June 6, 2006, based upon a belief that Mr. Cosby was in violation of the federal law governing child pornography, law enforcement agents obtained and executed a search warrant for Mr. Cosby's residence located at 3717 Rome Terrace, Indianapolis, IN (residence). The following day, without a warrant and faced with no exigent circumstances, law enforcement agents traveled to Mr. Cosby's work located at 13417 Britton Park Road, Fishers, IN 46038, and obtained the consent of the defendant's employer, Mr. Mark Brewster, to search the, "work area of Jeffrey Douglas Cosby" (work area). Because there was no evidence establishing Mr. Cosby's work was in any way connected with criminal conduct or contraband, there was no exigency warranting the search of the work area and Mr. Cosby's employer did not have the authority to consent to the search of the work area, the search must be suppressed.

**Discussion**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST., Amend IV. Without a showing of exigent circumstances or consent, in order for the search and seizure of a place in which an individual has an expectation of privacy, prior to the search, law enforcement must properly obtain, from a neutral and detached judge, a warrant that establishes why given all the circumstances set forth in a supporting affidavit, there is fair probability that a location may contain contraband or evidence of a crime. *Illinois v. Gates*, 462 U.S. 213 (1983). Additionally, once an officer gathers information necessary to complete an investigation, further exploratory searches based on "hunches" are not permitted. *United States v. Perkins*, 348 F.3d 965 (11th Cir. 2003).

The primary reason the search of the work area fails is there was simply no reason for it. There was no probable cause. Prior to the search of the work area, the only thing law enforcement investigation of Mr. Cosby had revealed was that he may have used items at his residence for illegal activity. There was no evidence indicating that his work or work area had been used for a crime. Law enforcement's "hunch" that they may find something at Mr. Cosby's work was not probable cause justifying the search. Therefore, the search was improper. However, even if this court finds law enforcement was in possession of probable cause to believe the work area contained evidence of illegal activity or contraband, there was no exigency supporting the search and Mr. Mark Brewster did not have authority to consent to the search.

Exigent circumstances exist when facts would lead a reasonable experienced agent/officer to believe that evidence might be destroyed or removed before a warrant can be secured. *United States v. Reid,* 69 F.3d 1109 (11th Cir. 1995). At the time the work area was searched, Mr. Cosby was in custody. Additionally, no evidence had been obtained through law enforcement investigation

indicating that any other person would destroy evidence related to the case or that any evidence related to this case would be removed. Therefore, exigency did not excuse the warrantless search.

Finally, it was not reasonable for the police to believe that Mr. Cosby's employer not had the authority to provide consent to search the "work area of Jeffrey Douglas Cosby." See *Illinois v. Rodriguez*, 497 U.S. 177 (1990). In order for a third party to have the authority to consent to the search of an individual's property, in addition to having a property interest in the place to be searched, there must be clear evidence of the property is mutually used by the third-party. See *United States v. Matlock*, 415 U.S. 164 (1974). In this case, the employer did have a property interest in the place to be searched. However, the employer did not have any mutual use of Mr. Cosby's work area. This fact is reflected in the Consent to Search form in which the employer, through edits and deletions, takes great effort to make it clear that the area sought to be searched belonged exclusively to Mr. Cosby. *Exhibit 1*.

WHEREFORE, the defendant prays that this Honorable Court conduct an evidentiary hearing to review the facts and circumstances surrounding the search of 13417 Britton Park Road, Fishers, IN 46038.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | Case No.: 3:06cr151-MEF |
| ) | |
| **JEFFREY DOUGLAS COSBY** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan Redmond, Assistant United States Attorney.

    Respectfully submitted,

    s/ Kevin L. Butler
    KEVIN L. BUTLER
    First Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail: kevin_butler@fd.org
    AZ Bar Code: 014138