IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06-cr-151-MEF |
| | ) | |
| JEFFREY D. COSBY | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:            KEVIN L. BUTLER

ASSISTANT U.S. ATTORNEY:    SUSAN R. REDMOND

**COUNTS AND STATUTES CHARGED:**

Count 1.        18 U.S.C. § 2251(a)
                Enticement of a minor to produce a sexually explicit visual depiction

Information     18 U.S.C. § 2252A(a)(5)(B)
                Possession of child pornography

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1.        18 U.S.C. § 2251(a)

Information     18 U.S.C. § 2252A(a)(5)(B)

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

Count 1.        <u>18 U.S.C. § 2251(a):</u>
                NLT 15Y, NMT 30Y;
                NMT $250,000; both
                NMT LIFE SUP REL;
                $100 AF; VWPA.

Information     18 U.S.C. § 2252A(a)(5)(B)
                NLT 10Y, NMT 20Y;
                NMT $250,000; or both
                NMT LIFE SUP REL;
                $100 AF; VWPA.

**ELEMENTS OF THE OFFENSE:**

<u>18 U.S.C. § 2251(a)</u>:
1. The defendant did, or attempted to, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct; and

2. The defendant did so for the purpose of producing a visual depiction of such conduct; and

3. The knew or had reason to know that such visual depiction would be transported in interstate and foreign commerce and mailed; and

4. The visual depiction was produced using material(s) that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer.

<u>18 U.S.C. § 2252A(a)(5)(B)</u>:
1. The defendant knowingly possessed videotape, computer disk or other material that contained an image of child pornography; and

2. That the material had been mailed, shipped or transported in interstate or foreign commerce; and

3. That at the time of such receipt the defendant believed that such items constituted or contained child pornography.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Susan R. Redmond, Assistant United States Attorney, and Kevin L. Butler, attorney for the defendant, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment and Information, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by

2

the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## **GOVERNMENT'S PROVISIONS**

1.  Upon entering a plea of guilty by the defendant to the offenses charged in Count 1 of the Indictment, and the Information, the attorney for the government will do the following:

    a.  The government will agree, pursuant to Rule 11(c)(1)(A), that no further charges of possession, receipt, distribution, enticement or travel to engage in sexual activity with a minor, relating to the current offense conduct will be brought against the defendant by the offices of the United States Attorney for the Middle District of Alabama or the Southern District of Indiana.

    b.  The government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant qualifies for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

    c.  The government agrees, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to recommend that a sentence of not more than 40 years is an appropriate disposition

of this matter. Further, the government will not object if, at sentencing, the Court determines that the sentences should be run concurrent to each other.

        d.      Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) to reflect the defendant's substantial assistance. In that motion, the Government will recommend a downward departure of at least three (3) levels. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) is at the sole discretion of the United States. After sentencing, should Defendant provide further cooperation not contemplated by this agreement, the Government may file for a further reduction pursuant to Fed. R. Crim. P. 35. Determination of whether to file for a downward departure pursuant to Rule 35, and if a departure is filed, the level of that departure, is at the complete discretion of the Government.

        2.      The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

        3.      The defendant agrees to the following:

        a.      To plead guilty to Count 1 of the Indictment and to the Information.

        b.      To forfeit any rights and claims to any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the violation of Count 1 of the Indictment and the Information and any rights and claims to any and all property used or intended

4

to be used in any manner or part to commit and to facilitate the commission of Count 1 of the Indictment and to the Information.

  c.  To a sentence, in any event, of not less than 20 years.

  d.  To a term of supervised release of LIFE.

  e.  To full disclosure, to authorities designated by the Office of the United States Attorney for the Middle District of Alabama, of the encryption code(s) used to encrypt data on any and all computer(s), electronic and digital storage device(s) and hardware located at 3717 Rome Terrace, Indianapolis, Indiana 46237.

  f.  To cooperate with the government as set out in the cooperation agreement below.

## COOPERATION AGREEMENT

The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement does not require the defendant to implicate any other particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available, if required, for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government. The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and Information and any other criminal violations

in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation, concerning related offenses, will not be used against the defendant, directly or indirectly. The defendant understands that this agreement does not bar the defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to appear for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, the State of Indiana, the Middle District of Indiana or other locales dictated by the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. §§ 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencings the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; (5) to seek forfeiture of any and all forfeitable properties of the defendant; (6) to seek forfeiture of any appearance bond made by the defendant if

6

the defendant fails to appear in the Middle District of Alabama, the State of Indiana, the Middle District of Indiana or other locales dictated by the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents; and (7) to prosecute the defendant for the defendant's failure to appear at any scheduled court appearance, pursuant to 18 U.S.C. 1073 or any other applicable state or federal criminal statute. The parties agree that the Government will have the sole discretion to decide whether defendant has breached this agreement.

## FACTUAL BASIS

The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1, that the defendant committed the crime of enticement of a minor as follows: that from on or about November 8, 2005, to May 31, 2006, more exact dates being unknown, within the Middle District of Alabama, the defendant, a registered sex offender who was convicted of the felony offense of transportation of child pornography in 1999, did use the internet to attempt to, persuade, induce, entice, and coerce a 14 year old girl, named Kathy Montgomery, living in Dadeville, Alabama, to engage in sexually explicit conduct, for the purpose of producing a visual depiction of the sexually explicit conduct. Specifically, the defendant, knowing that the visual depiction would be transported in interstate and foreign commerce and mailed, sent Kathy Montgomery a webcam through the United States mail with the stated intent that she use the webcam to send him images of her vagina and breasts and of herself, masturbating. The webcam is an electronic device, not made in Alabama, that attaches to a computer and, using the internet, allows the user to broadcast real images of herself to others. All of the above done, in violation of Title 18, United States Code, Section 2251(a).

The defendant admits the allegations charged in the Information understands that the nature

7

of the charge to which the plea is offered involves proof as to the Information, that the defendant committed the crime of possession of child pornography as follows: that on or about June 16, 2006, at Indianapolis, Indiana, in the Southern District of Indiana, the defendant, JEFFREY D. COSBY, did knowingly possess any computer disk or any other material that contains an image of child pornography that has been mailed, shipped, and transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, shipped, and transported in interstate or foreign commerce by any means, including by computer, that is: JEFFREY D. COSBY possessed a 80 GB external hard drive which contained numerous images and video files of child pornography as defined in Title 18, United States Code, Section 2256(8) and which involved the 16 actual minor females listed below:

| File Name | Victim | Series Designation per NCMEC Report |
|---|---|---|
| dcp_2051 | Jane Doe 1 | Ali |
| dcp_2052 | Jane Doe 1 | Ali |
| dcp_2070.jpg | Jane Doe 1 | Ali |
| dcp_2071.jpg | Jane Doe 1 | Ali |
| dcp_2074.jpg | Jane Doe 1 | Ali |
| dcp_2075.jpg | Jane Doe 1 | Ali |
| dcp_2076.jpg | Jane Doe 1 | Ali |
| dcp_2209.jpg | Jane Doe 1 | Ali |
| dcp_2273.jg | Jane Doe 1 | Ali |
| privatepreteenfucking.mpg | Jane Doe 1 | Ali |
| (3yo_Marjorie_in_bath.mpg | Jane Doe 1 | Ali |

| | | |
|---|---|---|
| bathrm_finger.jpg | Jane Doe 2 | Angeli |
| !10dildo.jpg | Jane Doe 3 | Felisha |
| 10_hayley001.jpg | Jane Doe 4 | Hayley |
| 10_hayley002.jpg | Jane Doe 4 | Hayley |
| !!!11_yr.old_sister_dildo.jpg | Jane Doe 5 | IM |
| 3sis07.jpg | Jane Doe 5 and 6 | IM |
| 3sis27.jpg | Jane Doe 5 | IM |
| 5_yo_christa_bj_dad-5.jpg | Jane Doe 7 | Jan_Feb |
| feb05.jpg | Jane Doe 7 | Jan_Feb |
| feb06.jpg | Jane Doe 7 | Jan_Feb |
| img20050804202408.jpg | Jane Doe 8 | Katja |
| _hr_r13.jpg | Jane Doe 9 | Morgan |
| _hr_r14.jpg | Jane Doe 9 | Morgan |
| _hr_r15.jpg | Jane Doe 9 | Morgan |
| _hr_r19.jpg | Jane Doe 9 | Morgan |
| 02.jpg | Jane Doe 10 | Rimg |
| sara06.jpg | Jane Doe 11 | Sara |
| sara07.jpg | Jane Doe 11 | Sara |
| xsocute.mpg | Jane Doe 12 | Adina |
| lilpretty.avi | Jane Doe 13 | Cait |
| !_give_dad_hand.mpg | Jane Doe 14 | Dana |
| meg03.mpg | Jane Doe 15 | Meg |
| meg09.mpg | Jane Doe 15 | Meg |
| ((Hussyfan))_pthc_Babyj_star.mpg | Jane Doe 16 | RCA |
| babyj-strip.avi | Jane Doe 16 | RCA |
| (Pthc) 7yo Fickt Papa.mpg | Jane Doe 17 | Helen |

All of which is a violation of Title 18, United States Code, Section 2252A(a)(5).

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that Title 18, United States Code, Section 3742, provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, including an upward variance or upward departure, and waives the right to attack the conviction and sentence in any post-conviction proceeding, other than grounds of ineffective assistance of counsel and prosecutorial misconduct.

The government does not waive its right to appeal any order dismissing the Indictment or the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4.      The defendant, before entering a plea of guilty to Count 1 of the Indictment and Information, as provided for herein by said Plea Agreement, advises the Court that:

a.      The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.      Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the

10

defendant.

  c.  The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $200.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

  d.  The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

  e.  The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

  f.  The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

11

g.  The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, the attorney for the State and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h.  The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

I.  The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on their respective Courts.

j.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment and Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment and Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

5. The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the United States Attorney. In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on

that basis.

    This \_\_17th\_\_ day of November, 2006.

                                              Respectfully submitted,

                                              LEURA G. CANARY
                                              UNITED STATES ATTORNEY

                                              /s/ Louis V. Franklin
                                              Louis V. Franklin
                                              Chief - Criminal Division
                                              Office of the United States Attorney
                                              Middle District of Alabama
                                              One Court Square, Suite 201
                                              Montgomery, Alabama 36104

                                              /s/ Susan R. Redmond
                                              Susan R. Redmond
                                              Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, KEVIN L. BUTLER.

_____
Jeffrey D. Cosby
Defendant

____11/17/06_____
Date

_____
Kevin L. Butler
Attorney for the Defendant

____11/17/06_____
Date